## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. KUHN, : | |
| Petitioner : | CIVIL ACTION NO. 3:15-0016 |
| v. : | (JUDGE MANNION) |
| ROBERT GILLMORE, et al., : | |
| Defendants : | |

## MEMORANDUM

**I.   Background**

Michael A. Kuhn, an inmate confined in the Greene State Correctional Institution, Waynesburg, Pennsylvania, filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). Along with the filing of his petition, Kuhn filed an application to proceed *in forma pauperis*. For the reasons outlined below, Petitioner's application to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant petition, and the petition for writ of habeas corpus will be summarily dismissed, without prejudice, for this Court's lack of jurisdiction.

According to the petition, on April 29, 2009, Petitioner was sentenced in the Centre County Court of Common Pleas to a five (5) to twelve (12) month term of incarceration for disorderly conduct, loitering and prowling at night. (Doc. 1, at 1).

Petitioner filed a direct appeal to the Pennsylvania Superior, which affirmed his sentence on August 18, 2010. Id.

On April 2, 2011, Kuhn's petition for allowance of appeal to the

Pennsylvania Supreme Court was denied. Id.

On July 20, 2011, Kuhn filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). Id. Kuhn's petition was dismissed on August 14, 2012. Id. Petitioner appealed the PCRA's court's dismissal to the Pennsylvania Superior Court, which, on April 23, 2014, affirmed the PCRA court's dismissal, finding the following:

> Here, Kuhn's 5-12 month sentence for loitering and prowling at night expired on April 29, 2010. Kuhn did not file his PCRA petition until July 20, 2011 – more than one year after his sentence had expired. Pursuant to §9543, Kuhn is no longer eligible for relief.

(Doc. 1 at 20, Superior Court Opinion).[1]

On January 5, 2015, Kuhn filed the instant federal habeas petition, raising various challenges to his April 2009 conviction. (Doc. 1, petition).

## II.  Discussion

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

---

[1] Pursuant to 42 Pa.Cons.Stat.Ann. §9543(a)(1)(i), eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime.

...
...

petitioner."

Petitioner can no longer attack his April 2009 conviction directly as Title 28 U.S.C. §2254(a) contains a jurisdictional requirement. It states that an applicant seeking habeas relief must be "in custody" pursuant to the conviction under attack. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989); Obado v. State of New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. §2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. Carafas vs. LaVallee, 391 U.S. 234, 238 (1968). Once met, jurisdiction is not negated by the petitioner's subsequent release from custody while the petition is pending. Id.

The "in custody" requirement has been liberally construed for the purposes of habeas corpus and does not require that a prisoner be physically confined in order to bring a habeas corpus petition challenging his sentence. Maleng, 490 U.S. at 492, 109 S.Ct. at 1926. The meaning of "custody" has been broadened so that it is no longer limited in the §2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir.1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242(1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984)). However, "no court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the

petition was filed." Bolus v. District Attorney of Lackawanna County, No. 3:CV-01-1990, 2001 WL 1352120, *1 (M.D. Pa. Oct. 26, 2001)(Caputo, J.); Maleng, 490 U.S. at 491. Additionally, where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng, 490 U.S. at 492. Thus, clearly, "custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or possibility thereof, there is no federal habeas jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971).

At the time Kuhn filed his petition he was no longer subject to the terms of his confinement, and, as such, was not "in custody" for purposes of directly challenging his April 2009 conviction. Because of the "in custody" requirement, the Court lacks jurisdiction to entertain his petition. Accordingly, the petition will be dismissed.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
United States District Judge

**Dated:   March 2, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0016-01.wpd